UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 43189
AMOUNT $ 150.00
SUMMONS ISSUED 4b
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. 8-5
DATE 11/15/02

TIMOTHY J. NOLAN and
MARIE F. NOLAN,
    *Plaintiffs*,

v.

ALLEN KRAJCIK; WILLIAM FULCHER;
STANLEY BATES; KEVIN PAICOS; and
THE TOWN OF EASTON,
    *Defendants*.

Civil Action No.

**COMPLAINT**
and Jury Demand

**02 - 12228 WGY**

### Introduction

This is an action for damages brought pursuant to section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, seeking redress for violation, under color of law, of rights guaranteed the plaintiffs under the federal constitution and federal law. Plaintiffs also assert supplemental or ancillary state law claims.

### Jurisdiction and Venue

1. Jurisdiction is conferred by the general federal question jurisdiction statute, 28 U.S.C. § 1331, as amended by the Federal Question Jurisdictional Amendments Act of 1980, Pub. L. 96-486, Sec. 2(a), Dec. 1, 1980, 94 Stat. 2369 as this action is brought under, and in vindication of, federal law. Specifically, by this action plaintiffs seek to vindicate and seek remedy for deprivation of rights granted under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. With respect to state law claims made herein - whether common law, statutory or constitutional - jurisdiction is



conferred by 28 U.S.C. § 1367(a), as added by the Judicial Improvements Act of 1990, Pub. L. 101-650, title III, Sec. 310(a), Dec. 1, 1990, 104 Stat. 5113.

2. Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b) because – upon information and belief - all the defendants reside in the same State and one or all of the defendants reside in this district.

### Parties

#### Plaintiffs

3. Plaintiff Timothy J. Nolan (Tim Nolan) is an individual residing in the Town of Easton, Massachusetts, and the husband of plaintiff Marie F. Nolan.

4. Plaintiff Marie F. Nolan (Marie Nolan) is an individual residing in the Town of Easton, Massachusetts, and the wife of plaintiff Tim Nolan.

#### Defendants

5. Defendant Allen Krajcik (Krajcik) was at all times relevant to this complaint a duly appointed police officer employed by the Town of Easton. Upon information and belief, Krajcik is a resident of Easton, Bristol County, Massachusetts. Krajcik is named herein both individually and in his capacity as an officer of the Easton Police Department.

6. Defendant William Fulcher (Fulcher) was at all times relevant to this complaint a duly appointed police officer employed by the Town of Easton. Upon information and belief, Fulcher is a resident of Easton, Bristol County, Massachusetts. Fulcher is named herein both individually and in his capacity as an officer of the Easton Police Department.

7. Defendant Stanley Bates (Bates) was at all times relevant to this complaint a duly appointed police officer employed by the Town of Easton. Upon information and belief,

Bates is a resident of Easton, Bristol County, Massachusetts. Bates is named herein both individually and in his capacity as an officer of the Easton Police Department.

8. Defendant Kevin Paicos (Paicos) was at all times relevant to this complaint the duly appointed Town Administrator for the Town of Easton. Upon information and belief, Paicos is a resident of Easton, Bristol County, Massachusetts. Paicos is named herein both individually and in his capacity as Administrator of the Town of Easton.

9. Defendant Town of Easton (Easton or Town) is a municipal corporation duly chartered under the laws of the Commonwealth of Massachusetts, and the public employer of Krajcik, Fulcher, Bates and Paicos, as such term(s) are used in Mass. Gen. Laws. ch. 258, § 1 *et seq.*

**Factual Allegations**

10. On Monday evening, June 12, 2000, the plaintiff Tim Nolan attended Easton's town meeting (the Town Meeting) at the gymnasium of the Oliver Ames High School in Easton, Massachusetts; the Town Meeting was held pursuant to an annual town meeting warrant setting forth twenty articles and a special town meeting warrant setting forth thirty-eight articles.

11. At the time of the Town Meeting, the Town's employment contract with Paicos had expired, or was due to expire in the not distant future, and it was known in the Town that the Town's Board of Selectman had decided not to renew Paicos's contract, effectively terminating Paicos's employment with the Town.

12. At the time of the Town Meeting, Paicos was known throughout the Town as a somewhat controversial figure, engendering both strong support and strong criticism

from those who involved in Town politics: Paicos has termed himself a "lightening rod" in the context of Town politics.

13. The issue of Paicos's employment with the Town, and issues related to his past and/or continued employment, were not on the agenda and/or warrant for the Town Meeting. During the Town Meeting, an Easton resident who apparently opposed Paicos's continued employment with the Town attempted to raise points at the Town Meeting relating to Paicos's continued employment: issues relating to an alleged conflict of interest on the part of the town moderator who was acting as attorney for Paicos in his negotiations with the town. The moderator ruled this Paicos opponent "out of order".

14. Approximately three hours into the Town Meeting, with budget matters from the warrant articles still not yet voted upon, a group of Easton residents who ardently supported Paicos (the "pro-Paicos faction") attempted to introduce, and call for a vote on, a non-binding resolution supporting Paicos. This pro-Paicos faction was extremely vocal and boisterous, and even thought it was twice ruled "out of order" by the acting moderator, Atty. John Creedon – on the advice of Town Counsel, Gary Brackett – for attempting to introduce this subject matter, this group, led by former selectman John Leahy, persisted in contravention of the acting moderator's order and continued to convert the Town Meeting into a referendum on the employment of Paicos.

15. The plaintiff, Tim Nolan, had been recognized by the moderator, and had made a motion (which had been seconded) for approval of a selectmen's' line budget item when the meeting was again interrupted by Mr. Leahy of the pro-Paicos faction. Mr. Leahy, despite having been twice ruled "out of order" by the acting moderator, persisted in raising a "non-binding resolution in favor of Mr. Paicos" and, in flagrant disregard of the

moderator's authority, called for those in the audience who supported such a resolution to stand. The acting moderator did not order Mr. Leahy ejected – as he had authority to do for Mr. Leahy's flagrant disregard of the rules of order – but instead allowed Mr. Leahy to continue delaying the serious and proper business of the Town Meeting (approval of the budget) by seeking to introduce points or issues (i.e. Mr. Paicos's employment) that were not lawfully subject to Town Meeting debate, approval or disapproval.

16. In response to this latest attempt by Mr. Leahy and the pro-Paicos faction, plaintiff Tim Nolan angrily denounced the pro-Paicos faction for attempting to convert the serious business of the Town Meeting into a "pep rally" and a "circus."

17. In response to Mr. Nolan, members of the pro-Paicos faction heckled Mr. Nolan, yelling obscene names at Mr. Nolan, calling him "asshole," and yelling for him to "sit down."

18. Plaintiff Tim Nolan responded to the hecklers by saying "you're the assholes" and then stating "you make me sit down, you come here and make me sit down"; he then peaceably returned to his seat.

19. Though they had by force of numbers challenged the authority of the Town Meeting and co-opted control of it, none of the pro-Paicos faction hecklers answered Mr. Nolan's challenge by approaching him; instead, right after his statement "come here and make me sit down", Mr. Nolan simply returned to his seat.

20. The defendants Krajcik, Fulcher, Bates and Paicos were present at the Town Meeting for the verbal exchange between the plaintiff, Tim Nolan, and the members of the pro-Paicos faction.

21. Plaintiff Tim Nolan was resuming his seat and in the process of sitting down, when he saw a man, later identified as the defendant, Deputy Chief Allen Krajcik, rapidly coming for him. Mr. Nolan apprehensively stood to meet the man approaching him.

21. As he got to Mr. Nolan, the defendant Krajcik stated "you're all done talking" and grabbed or reached to grab Mr. Nolan by the arm in order to restrain and control him and to eject him from the Town Meeting.

22. The defendant Krajcik did not identify himself as a police officer when he a grabbed Mr. Nolan or attempted to grab Mr. Nolan by the arm and to seize and restrain Mr. Nolan, nor was Krajcik so attired as to make obvious or readily discernable his officer status.

23. Tim Nolan responded to Krajcik's attempts at seizure and physical confrontation by pulling away his arm; Krajcik then attempted more forcefully to seize and manhandle Tim Nolan and Tim Nolan, with minimal force defensively resisted such attempts to physically control his person by pushing away the arms of Krajcik.

24. The defendants Fulcher and Bates, who like Krajcik were attired so as to make their officer status less than obvious and not readily discernable, rushed to the side of their colleague, the defendant Krajcik and together, Fulcher and Krajcik succeeded in physically constraining and controlling the plaintiff Tim Nolan and in manhandling him and together they did forcefully rush and eject him from the gymnasium and the Town Meeting under the direction or with the approval of the defendant Bates.

25. When the defendants Krajcik and Fulcher acted to physically constrain, control, manhandle and eject the plaintiff Tim Nolan from Town Meeting, under the direction or with the approval of the defendant Bates, they did so without direction, order or

suggestion of the acting moderator of the Town Meeting, Atty. John Creedon, or of any other officer designated by law with the authority to control the orderly progress of the Town Meeting and having the authority to order the ejection of persons there from.

26. The plaintiff Tim Nolan suffered a torn rotator cuff as a result of being manhandled and ejected from the gymnasium and the Town Meeting by the defendants Krajcik and Fulcher at the direction of with the approval of the defendant Bates.

27. Once they had rushed and ejected him from the gymnasium and the Town Meeting, the defendants Krajcik, Fulcher and Bates communicated to the plaintiff Tim Nolan that he was lucky that he was not being arrested, and directed him to leave the premises.

28. The plaintiff Tim Nolan was, in fact, never formally arrested, booked, charged or otherwise brought before a court or magistrate, as a result of the events occurring at the Town Meeting; no application for a criminal complaint has ever been made against him in connection with said events.

29. Immediately after the conclusion of the Town Meeting, an Easton resident and practicing attorney who had been present at Town Meeting and witnessed the events described in paragraphs 17 through 24, *supra.*, Mr. J. Michael Conley, Esq., wrote a letter of complaint addressed to the defendant Bates with a copy to the defendant Paicos wherein he made a contemporaneous or near contemporaneous record of the events as witnessed by him and describing his concerns over the conduct of the police in manhandling and ejecting the plaintiff Tim Nolan from the Town Meeting.

30. Other than Mr. Conley's letter, within one week after the Town Meeting the defendant Paicos knew of at least one other letter of complaint – sent to a member of the

Board of Selectman – from an Easton resident who had witnessed Mr. Nolan's ejection and which letter of complaint decried the conduct of the Easton Police in manhandling and ejecting the plaintiff Tim Nolan.

31. Despite the letters of complaint alleged herein paragraphs 29 and 30, *supra.*, the defendant Paicos knowingly or recklessly misstated to a reporter of the Brockton Enterprise, for the purpose of having said reporter quote and publish the comments, that there had not been any complaints from Town residents regarding Mr. Nolan's physical ejection from Town Meeting by the Easton Police. Paicos was quoted as saying: "Any representation that any Easton police officer acted wrongly her is nothing more than an outrageous rumor"; that he had received a full report from Chief Bates and viewed a videotape of the incident and that the officers involved acted "with remarkable restraint and discretion. I've sent the police a letter of commendation. They acted very professionally."

32. Following the Town Meeting the defendant Bates spoke to a newspaper reporter for the purpose of having his comments regarding Mr. Nolan's ejection from the Town Meeting quoted in a newspaper, in which he was quoted as stating "this wasn't the first time Mr. Nolan had to be escorted out of a town meeting." Mr. Conley, after reading the comments of Bates in the newspaper, wrote an addendum to the letter alleged in paragraph 29 herein, and sent it to Bates. That addendum pointed out to Bates that his comments conveyed a highly inaccurate impression that the prior ejection of Mr. Nolan (on the order of the moderator) was similar to Mr. Nolan's violent ejection from the Town Meeting by police (without order of the moderator).

33. Prior to making the statement for attribution alleged herein paragraph 32, Bates knew or should have known that the prior ejectment of which he referred involved Mr. Nolan being ordered from a town meeting by Town moderator Richard Dailey in approximately 1992, some eight years earlier, upon Mr. Dailey's determination that Mr. Nolan had failed "to yield the floor." Upon being ordered to leave by Mr. Dailey, Mr. Nolan peaceably complied with his order. However, Mr. Dailey shortly thereafter rescinded his order, and Mr. Nolan was allowed to return to the meeting.

34. On or about June 15, 2002, the defendant Bates and/or the defendant Paicos, caused to be published in the Easton "police blotter" published in the Brockton Enterprise, a report to the effect that the plaintiff Tim Nolan had committed a crime, to wit, engaging in disorderly conduct in violation of G. L. c. 275, § 53.

35. At a subsequent meeting of the Board of Selectmen of the Town of Easton, a resident called for an investigation by selectmen into Mr. Nolan's ejection by police from the Town Meeting; according to news accounts "[s]electmen did not act on the request, saying there was no evidence substantiating an incident took place and no claim made."

## COUNT I
*Equitable Relief and Compensatory Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Tim Nolan vs. Krajcik, Fulcher and Bates

36. Plaintiff Tim Nolan incorporates by reference herein this Count I the averments set forth in paragraphs "1" through "35," *supra.*

37. The defendants, Krajcik, Fulcher and Bates, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

38. As a result of the acts of the defendants, Krajcik, Fulcher and Bates, under color of law, as alleged herein, the plaintiff Tim Nolan:

(a) was deprived of rights guaranteed him by the laws and Constitution of the United States, including but not limited to:

(1) the right to free speech;

(2) the right to participate in the political and democratic process of town government;

(3) the right to be secure in his person;

(4) the right to freedom from deprivation of liberty without due process of law;

(5) the right to be free from excessive force in the seizure or custody of his person;

(6) the right to be free from punishment without due process of law;

(7) such other federal constitutional rights, including those set forth above, as are guaranteed under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America.

(b) suffered sever physical injury with concomitant pain and suffering, a permanent loss of function of his right arm, medical expenses and lost wages, damage to his reputation, loss of consortium, and emotional distress with persistent psychological symptomology.

### Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment, and for the following relief:

(a) a permanent restraining order barring Bates, Krajcik and Fulcher from interfering or attempting to interfere with Tim Nolan's free exercise of his rights under the First Amendment of the United States Constitution, and more particularly forbidding Bates, Krajcik and Fulcher from barring, preventing or ejecting, or seeking to bar, prevent or eject, Tim Nolan or any other Easton resident, from attendance and participation in Easton town government and open meetings, absent a lawful order from the authority duly elected or appointed to run such meeting;

(b) compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan;

(c) attorneys fees, pursuant to 42 U.S.C. § 1988; and

(d) taxable costs, including expert witness fees;

(e) pre-judgment and post-judgment interest.

COUNT II
*Punitive Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Tim Nolan vs. Krajcik and Bates

39. Plaintiff Tim Nolan incorporates by reference herein this Count II the averments set forth in paragraphs "1" through "35," and in "COUNT I" *supra.*

40. The defendants, Krajcik and Bates, in engaging in the conduct alleged herein, did so intentionally, with the purpose of depriving Tim Nolan of the specific federal civil rights alleged herein, or acted willfully and recklessly, knowing or having substantial reason to know, their action was likely to result in depriving Tim Nolan of said civil rights.

Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment, and for the following relief:

(a) An award of punitive damages against the defendants Krajcik and Bates, to punish them for their intentional and/or willful deprivation of Mr. Nolan's civil rights and to deter them from such unlawful conduct in the future;

(b) an award of pre-judgment and post-judgment interest on such punitive damages award.

## COUNT III
*Equitable Relief and Compensatory Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Tim Nolan vs. Paicos, Bates and Town of Easton)

41. Plaintiff Tim Nolan incorporates by reference herein this Count III the averments set forth in paragraphs "1" through "35," *supra*.

42 The defendants, Paicos and Bates, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

43. As a foreseeable result of the acts of the defendants, Paicos and Bates, under color of law, specifically, their defamatory remarks about plaintiff Tim Nolan, both regarding the incident at the Town Meeting and the alleged prior incident of ejectment, plaintiff Tim Nolan was threatened, stigmatized and ridiculed so as to prevent him from effectively exercising, an any meaningful way, his rights to free speech and political participation guaranteed by the First Amendment to the Constitution of the United States and he was thereby deprived of a fundamental liberty interest by such defamatory remarks.

44. The Town of Easton has denied the plaintiff, Tim Nolan, due process of law by failing to provide any procedure pursuant to which the defamatory remarks of Paicos and Bates may be shown as such, and pursuant to which plaintiff Tim Nolan's reputation and good name may be cleared, and pursuant to which the stigma of the official or quasi-official actions and statements of Paicos and Bates may be removed and their statements and actions condemned or rebuked as not official, unauthorized and/or *ultra vires,* and his ability to effectively participate in Town Government and to speak freely on political matters - without fear of official or quasi official defamatory reprisals – restored.

45. The Town of Easton has denied the plaintiff, Tim Nolan, due process of law and equal protection of the laws by inadequately training, supervising and restraining its police officers and by providing said police officers and its town administrator, Paicos, with an unlawful and practically unlimited amount of discretion with respect to how they may respond to the content of a citizen's political speech and conduct. Specifically, the Town of Easton employs a policy pursuant to which the police and the town administrator may eject, or order ejected from meetings governed by the Massachusetts open meeting law, a citizen based upon the content of his First Amendment protected speech or political activity. Rather than appoint its bonded town constable(s) (whose charge includes publication of the town meeting warrant), or police officers from other towns who are not residents of Easton, for the purpose of enforcing moderator's orders and providing assistance to the moderator in performance of his lawfully delegated obligation to keep order at town meetings (which the authority to keep order would include the authority to eject or arrest attending Easton employees, including police officers, if said employees were deemed by him to be interfering with order) the Town of

Easton maintains a policy whereby its regular employees – to wit, its police officers and its town administrator – may effectively eject citizens and quell the political speech of Easton residents without the lawful order of the moderator. Such policy allows the police and town administrator to control the content of the discourse at town meeting, removes control of Town Meeting from the citizens, through their duly elected moderator, to appointed officials who are not directly answerable to the voters, and denies plaintiff and other individual citizens equal protection of the laws guaranteed under the Fourteenth Amendment to the Constitution of the United States.

## Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan, attorneys fees, pursuant to 42 U.S.C. § 1988; taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

## COUNT IV
*Punitive Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Tim Nolan vs. Paicos and Bates

46. Plaintiff Tim Nolan incorporates by reference herein this Count IV the averments set forth in paragraphs "1" through "35," and in "COUNT III" *supra.*

47. The defendants, Paicos and Bates, in engaging in the conduct alleged herein, did so intentionally, with the purpose of depriving Tim Nolan of the specific federal civil rights alleged herein, or acted willfully and recklessly, knowing or having substantial reason to know, their action was likely to result in depriving Tim Nolan of said civil rights.

Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment, and for the following relief:

(a) An award of punitive damages against the defendants Krajcik and Bates, to punish them for their intentional and/or willful deprivation of Mr. Nolan's civil rights and to deter them from such unlawful conduct in the future;

(b) an award of pre-judgment and post-judgment interest on such punitive damages award.

## COUNT V
*State Common Law Tort*
(Assault & Battery: Tim Nolan vs. Krajcik and Fulcher)

48. Plaintiff Tim Nolan incorporates by reference herein this Count V the averments set forth in paragraphs "1" through "35," *supra*.

49. The defendants Krajcik and Fulcher did assault and beat the plaintiff, Tim Nolan, without justification.

50. As a result of the assault and battery alleged herein this Count V, the plaintiff Tim Nolan suffered sever physical injury with concomitant pain and suffering, a permanent loss of function of his right arm, medical expenses and lost wages, damage to his reputation, loss of consortium, and emotional distress with persistent psychological symptomology.

Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

## COUNT VI
### *State Common Law Tort*
(Defamation: Tim Nolan vs. Paicos and Bates)

51. Plaintiff Tim Nolan incorporates by reference herein this Count VI the averments set forth in paragraphs "1" through "35," *supra*.

52. The defendants, Paicos and Bates, made false statements of fact concerning the plaintiff, or made statements of opinion that necessarily implied the existence of facts which were not true, and which statements cast the plaintiff, Tim Nolan in a false light, held him up to scorn and ridicule, and were *per se* defamatory because they implied that he had engaged in criminal conduct.

53. The statements alleged herein paragraph 51 were published by the defendants or were made by the defendants knowing that they would be widely published by media outlets.

54. To the extent that such an allegation is necessary, plaintiff Tim Nolan alleges that Paicos and Bates made the post-Town Meeting statements alleged herein with knowledge of their falsity, or with reckless disregard as to the truth or falsity of the statements or of the patently false implications of said statements and/or did so maliciously and for the purpose of denigrating and/or deriding the plaintiff, Tim Nolan.

55. As a result of the statements alleged herein this Count VI, the plaintiff Tim Nolan has suffered damages to his reputation and emotional distress.

### Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

## COUNT VII
*State Statutory Civil Rights Claim*
(Mass. Gen. Laws. ch. 12, § 11: Tim Nolan vs. Krajcik, Fulcher, Bates and Paicos)

56. Plaintiff Tim Nolan incorporates by reference herein this Count VII the averments set forth in paragraphs "1" through "35," *supra*.

57. The defendants, Krajcik, Fulcher, Bates and Paicos, by the use of threats, intimidation and coercion, did interfere or attempt to interfere with the plaintiff, Tim Nolan's, exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth of Massachusetts.

58. As a result of the interference, or attempted interference as alleged herein this Count VII, the plaintiff has suffered damages and been chilled in the exercise of his state and federal Constitutional rights.

### Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment, and for the following relief:

(a) a permanent restraining order barring Bates, Krajcik and Fulcher from interfering or attempting to interfere with Tim Nolan's free exercise of his rights to free speech and political participation guaranteed by the state and federal constitutions, and more particularly forbidding Bates, Krajcik, Fulcher and Paicos from barring, preventing or ejecting, or seeking to bar, prevent or eject, Tim Nolan or any other Easton resident, from attendance and participation in Easton town government and open meetings, absent a lawful order from the authority duly elected or appointed to run such meeting;

   (b)   compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan;

   (c)   attorneys fees, pursuant to Mass. Gen. Laws ch. 12, § 11I; and

   (d)   taxable costs, including expert witness fees;

   (e)   pre-judgment and post-judgment interest.

## COUNT VIII
*Negligence Claim, State Tort Claims Act*
(Mass. Gen. Laws. ch. 258: Tim Nolan vs. Town of Easton)

59. Plaintiff Tim Nolan incorporates by reference herein this Count VII the averments set forth in paragraphs "1" through "35," *supra*.

60. The defendant, Town of Easton, owed the plaintiff, Tim Nolan, a duty of care.

61. The defendant, Town of Easton, by its agents and servants, negligently breached the duty of care owed the plaintiff, Tim Nolan, by:

   (a)   failing to adequately train, supervise and restrain its police officers – specifically, officers Krajcik, Fulcher and Bates – with respect to their duties, rights and privileges at Town Meeting;

   (b)   by providing its police officers, specifically – officers Krajcik, Fulcher and Bates – with an unlawful and practically unlimited amount of discretion with respect to how they might respond, as Easton police officers, to the content of a citizen's political speech and conduct at Town Meeting;

   (c)   by providing the town administrator, Paicos, with the unrestrained apparent authority to speak on behalf of the Town with respect to matters political, including the conduct of Town Meeting, and specifically, by

providing said town administrator with an official platform to speak unrestrained, without caveat that his speech were his personal views, and without fear of sanction and thereby allowing him to "officially" abuse, denigrate and ridicule in the news media a town resident who had peaceably and actively opposed said administrator's policies and continued employ with the town;

(d) by other negligent acts and omissions of its agents and servants.

62. Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, the defendant municipality has failed to make a reasonable settlement offer with respect to such demand, and the necessary interval under the statute between the required demand and the commencement of suit has passed.

63. As a result of the negligent acts and omissions of the defendant, Town of Easton, its agents and servants, the plaintiff Tim Nolan has suffered damages.

### Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

### COUNT IX
*Consortium Claim*
(Marie Nolan vs. Krajcik, Fulcher, Bates, Paicos and the Town of Easton)

64. Plaintiff Marie Nolan incorporates by reference herein this Count IX the averments set forth in paragraphs "1" through "63," *supra*.

65. As a result of the tortuous acts and omissions of the defendants, Krajcik, Fulcher, Bates, Paicos and the Town of Easton, the plaintiff Marie Nolan suffered the loss of the society and companionship of her husband, the plaintiff Tim Nolan, who because of the injuries suffered by him at the hands of the defendants, became withdrawn, anxious, less intimate and sexually available to her, and caused her to suffer feelings of resentment, hopelessness, inadequacy and general emotional distress and a feeling of irreparable damage to their marriage.

## Prayer for Relief

WHEREFORE, the plaintiff Tim Nolan demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Tim Nolan, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiffs demand trial by jury on all claims subject to trial by jury pursuant to the right preserved by the Seventh Amendment to the Constitution of the United States.

> Respectfully submitted
> TIMOTHY J. NOLAN and
> MARIE F. NOLAN, *Plaintiffs*
> By their attorney:
>
> Paul J. Adams
> LAW OFFICE OF PAUL ADAMS
> 21 Torrey Street
> Brockton, MA 02301
> Tel. (508) 583-2019
> MA BBO# 568173