UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY J. NOLAN and<br>MARIE F. NOLAN<br><br>    Plaintiffs<br><br>vs.<br><br>ALLEN KRAJCIK; WILLIAM FULCHER;<br>STANLEY BATES; KEVIN PAICOS; and<br>THE TOWN OF EASTON<br><br>    Defendants | C.A. No.: 02-12228-WGY |

## DEFENDANTS' AMENDED INITIAL DISCLOSURE

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the defendants, Town of Easton, Kevin Paicos, Allen Krajcik, William Fulcher, and Stanley Bates, hereby makes the following disclosures:

(1) Initial Disclosures

(A) The following individuals are likely to have discoverable information relevant to this matter:

1. Allen Krajcik, Town of Easton Police Department;
2. William Fulcher, Town of Easton Police Department;
3. Stanley Bates, Town of Easton Police Department;
4. Kevin Paicos, Administrator, Town of Easton.
5. John Creedon, Moderator of town meeting;
6. The defendants recognize that other attendees of the Town Meeting of June 12, 2000 may have relevant information regarding the plaintiffs' claims. As such, the defendant attaches a list of attendees of the June 12, 2000 town meeting hereto.
7. Richard Dailey;
8. Lee Williams, Videographer.

DOCKETED

(B) Copies of the following documents within the possession, custody or control of the defendants have been enclosed:

1. A list of attendees of the June 12, 2000 town meeting.
2. The Incident Report of the Easton Police Department;
3. Correspondence dated June 13, 2000 from Attorney Michael Connelly to the Chief of Police, Stanley Bates;
4. Correspondence dated June 14, 2000 from Attorney Michael Connelly to the Chief of Police, Stanley Bates;
5. Correspondence dated June 14, 2000 from Kevin Paicos, Town Administrator, to Chief of Police, Stanley Bates;
6. Correspondence dated June 14, 2000 from Chief of Police, Stanley Bates to Kevin Paicos, Town Administrator.
7. Warrant for Annual Town Meeting.

(C) The defendants are making no claim for damages.

(D) The defendants agree to make available for inspection a copy of the insurance agreement between Massachusetts Interlocal Insurance Association and the defendants.

(2)   Disclosure of Expert Testimony

The defendant has not yet determined whether any expert testimony will be presented at the time of trial.

*[signature]*
Stephen M.A. Woodworth, BBO 534 330
Attorney for Defendant, Town of Easton
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
(508) 230-2500

### CERTIFICATE OF SERVICE

I, Stephen M.A. Woodworth, do hereby certify that on this 13th day of February, 2003, I served the foregoing Defendants' Amended Initial Disclosure by mailing copies thereof, postage prepaid to all counsel of record:

Paul J. Adams, Esq.
Law Office of Paul Adams
21 Torrey Street
Brockton, MA 02301

*[signature]*
Stephen M.A. Woodworth

/tc

3

TOWN OF EASTON
COMMONWEALTH OF MASSACHUSETTS

WARRANT FOR ANNUAL TOWN MEETING
MONDAY, APRIL 10, 2000

BRISTOL, SS.

To either of the Constables of the Town of Easton in the County of Bristol:
GREETINGS:

In the name of the Commonwealth of Massachusetts, you are hereby directed to notify and warn the inhabitants of the Town of Easton qualified to vote in elections and Town affairs to meet in the Oliver Ames High School Auditorium in said Easton on Monday, the 10th day of April, next, at 7:00 P.M., then and there to act upon the following articles:

*ANNUAL TOWN MEETING*
*MONDAY, APRIL 10, 2000*

*As there was no quorum present, at 7:02 P.M., the Annual Town Meeting was duly adjourned to Monday, June 12, 2000 at 7 o'clock p.m. in the Oliver Ames High School Auditorium. Total voters present – 10.*

*A true record. Attest:* _____, CMC/AAE/CMMC, Town Clerk

NOTICE OF ADJOURNED ANNUAL TOWN MEETING
Tuesday, April 11, 2000

Be it known that the Annual Town Meeting held Monday, April 10, 2000 was duly adjourned to:

**MONDAY, June 12, 2000 AT SEVEN O'CLOCK P.M.**

In the Oliver Ames High School Auditorium to see what action the town will take in respect to:

**ARTICLES 1-20, inclusive**

And any all matters that may legally come before the meeting.

Janet Andrus Linehan, CMC/AAE/CMMC, Town Clerk

*A true record. Attest* _____ CMC/AAE/CMMC, Town Clerk

*ADJOURNED ANNUAL TOWN MEETING*
*MONDAY, JUNE 12, 2000*

*The Adjourned Annual Town Meeting was called to order at 7:15 p.m. in the Oliver Ames High School Auditorium. It was immediately moved and Voted to Re-adjourn the Annual Town Meeting to the Oliver Ames High School Gymnasium following the conclusion of the Special Town Meeting.*

*Moderator Richard C. Dailey re-opened the Annual Town Meeting in the Oliver Ames High School Gymnasium at 8:55 p.m. with quorum present.*

ARTICLE 1. To see if the Town will vote to accept the reports of the Selectmen, Town Administrator, Assessors, Board of Health, Town Clerk, Treasurer, Collector of Taxes, School Committee, Town Accountant, Director of Public Works, and other Departments, Boards and Committees of the Town, or take any other action relative thereto. (Submitted by Board of Selectmen)

*VOTED TO ACCEPT THE REPORTS OF THE SELECTMEN, TOWN ADMINISTRATOR, ASSESSORS, BOARD OF HEALTH, TOWN CLERK, TREASURER, COLLECTOR OF TAXES, SCHOOL COMMITTEE, TOWN ACCOUNTANT, DIRECTOR OF PUBLIC WORKS, AND OTHER DEPARTMENTS, BOARDS AND COMMITTEES OF THE TOWN.* **UNANIMOUS VOTE.**

ARTICLE 2. To see if the Town will authorize the Collector/Treasurer to enter into compensating balance agreements during Fiscal 2000, as permitted by Massachusetts General Laws, Chapter 44, Section 53F, or take any other action relative thereto. (Submitted by Board of Selectmen)

*VOTED TO AUTHORIZE THE COLLECTOR/TREASURER TO ENTER INTO COMPENSATING BALANCE AGREEMENTS DURING FISCAL 2001, AS PERMITTED BY MASSACHUSETTS GENERAL LAWS, CHAPTER 44, SECTION 53F.* **UNANIMOUS VOTE.**

ARTICLE 3. To see if the Town will vote to appropriate by transfer from available funds received from the State pursuant to Ch. 127 of the Acts of 1999 and Ch. 53 of the Acts of 1999, the sum of $324,703.90, all for the construction, reconstruction or improvement of public roads and sidewalks, and to appropriate by transfer from available funds the sum of $20,000 for engineering design work related to said construction, reconstruction or improvement of public roads and sidewalks, and to authorize the Board of Selectmen to accept and enter into contracts for the expenditure of said funds, and to take any other action relative thereto. (        Submitted by Board of Selectmen)

*VOTED TO APPROPRIATE BY TRANSFER FROM AVAILABLE FUNDS RECEIVED FROM THE STATE PURSUANT TO CH. 127 OF THE ACTS OF 1999 AND CH. 53 OF THE ACTS OF 1999, THE SUM OF $324,703.90, ALL FOR THE CONSTRUCTION, RECONSTRUCTION OR IMPROVEMENT OF PUBLIC ROADS AND SIDEWALKS, AND TO APPROPRIATE BY TRANSFER FROM OVERLAY SURPLUS THE SUM OF $20,000 FOR ENGINEERING DESIGN WORK RELATED TO SAID CONSTRUCTION, RECONSTRUCTION OR IMPROVEMENT OF PUBLIC ROADS AND SIDEWALKS, AND TO AUTHORIZE THE BOARD OF SELECTMEN TO ACCEPT AND ENTER INTO CONTRACTS FOR THE EXPENDITURE OF SAID FUNDS* **UNANIMOUS VOTE.**

ARTICLE 4. To see if the Town will vote pursuant to the provisions of M.G.L. C.44, section 53E 1/2, to authorize the Building Department to establish a revolving fund for Fiscal 2001, which shall be accounted for separately from all other monies for the Town, to which shall be credited only departmental fees from Plumbing and Gas Permits to be known as the "Plumbing Inspector Account", and funds from said account may be paid out to the Plumbing and Gas Inspector of the Town of Easton, by the Building Inspector, with said fees to be expended for the salary and expenses of the Plumbing and Gas Inspector, and administrative costs related thereto without further appropriation, and with said authorization to be made upon the recommendation of the Board of Selectmen, and to specify as follows:

    1. The revolving fund may be expended only for the purpose of paying the salary, expenses and overhead of the Plumbing and Gas Inspectors who are appointed by the Town Administrator.
    2. Only fees received from Plumbing and Gas Permits shall be deposited in said account;
    3. The Building Department shall be the only body authorized to expend such fund, and;
    4. The amounts expended from the Fiscal 2001, "Plumbing and Gas Inspectors Account",

shall not exceed the total receipts from fees received by the Building Department;
     5. The anticipated revenue to be obtained during FY'01 is $26,000.00.
or take any other action relative thereto. (Submitted by the Board of Selectmen)

*VOTED TO AUTHORIZE THE BOARD OF SELECTMEN PURSUANT TO THE PROVISIONS OF M.G.L. C.44, SECTION 53E 1/2, TO AUTHORIZE THE BUILDING DEPARTMENT TO ESTABLISH A REVOLVING FUND FOR FISCAL 2001, AS PRINTED IN THE WARRANT.* **UNANIMOUS VOTE.**

ARTICLE 5. To see if the Town will vote to authorize the Conservation Commission, pursuant to M.G.L. Ch. 44, section 53E 1/2, to set up a revolving fund for Fiscal 2001, known as the "Conservation Chapter 227 Filing Fee Account", which shall be counted for separate from all other monies of the Town, and to which shall be deposited departmental fees and determinations, to pay for the reasonable costs and expenses, for supplies and services as deemed necessary by the Commission to aid it in making its decisions on such applications, or in enforcement cases where such applications should have been legally filed, or for other such enforcement actions, and for the administrative costs related thereto, with said departmental fees and receipts to be expended without appropriation, and with such authorization to be made upon the recommendation of the Board of Selectmen, and to specify as follows:

    1. The revolving fund shall be expended only for the purpose of paying for supplies and services, and the administrative costs related thereto, as deemed necessary by the Commission to aid it in making its decisions on such conservation applications, or on necessary enforcement actions;
    2. Only fees and receipts received from applicants for Conservation Permits, or Application for "Requests for Determination", shall be deposited in such account;
    3. The Conservation Commission shall be the only Town body authorized to expend such fund, and
    4. The amounts expended from Fiscal 2001, "Conservation Chapter 227 Filing Fee Account", shall not exceed the total fees and receipts received by the Conservation Commission, from Applicants for Conservation Permits, or Applicants for "Requests for Determination", during said Fiscal 2001 and the sums remaining in said account from other fiscal years;
    5. The anticipated revenue to be obtained during FY'01 is $20,000.00.
or take any other action relative thereto. (Submitted by Conservation Commission)

*VOTED TO AUTHORIZE THE CONSERVATION COMMISSION, PURSUANT TO M.G.L. CH. 44, SECTION 53E 1/2, TO SET UP A REVOLVING FUND FOR FISCAL 2001, KNOWN AS THE "CONSERVATION CHAPTER 227 FILING FEE ACCOUNT", WHICH SHALL BE COUNTED FOR SEPARATE FROM ALL OTHER MONIES OF THE TOWN, AND TO WHICH SHALL BE DEPOSITED DEPARTMENTAL FEES AND DETERMINATIONS, AS PRINTED IN THE WARRANT.* **UNANIMOUS VOTE.**

ARTICLE 6. To see if the Town will vote to authorize the Planning & Zoning Board, pursuant to the provisions of M.G.L. 44, Section 53E 1/2, to set up a revolving fund for Fiscal 2001 known as the "Subdivision Inspection Fees Account", which shall be accounted for separate from all other moneys of the Town, and to which are to be deposited fees received from applicants for subdivision approval for inspections during construction, to pay for the reasonable costs and expenses of the Board for expert engineering and consultant services and administrative costs related thereto, as deemed necessary by the Board with said fees to be expended without further appropriation, and with such authorization to be made upon the recommendation of the Board of Selectmen, and to specify as follows:

    1. The revolving fund shall be expended only for the purpose of paying for the services of expert engineers and consultants, and related administrative cost, deemed necessary by the Board to pay for the reasonable costs and expenses of inspections during construction; and any other related expenses of the Planning and Zoning Board.
    2. Only fees received from applicants for inspections during construction shall be deposited in such account.

3. The Planning & Zoning Board shall be the only Town body authorized to expend such fund, and;
4. The amounts expended from Fiscal 2001 "Subdivision Inspection Fees", shall not exceed the total fees received by the Planning and Zoning Board from applicants for subdivision inspections during said Fiscal 2001 and the sums remaining in said account from other fiscal years.
5. The anticipated revenue to be obtained during FY 01 is $10,000.00.

or take any other action relative thereto. (Submitted by Planning and Zoning Board)

*VOTED TO AUTHORIZE THE PLANNING & ZONING BOARD, PURSUANT TO THE PROVISIONS OF M.G.L. 44, SECTION 53E 1/2, TO SET UP A REVOLVING FUND FOR FISCAL 2001 KNOWN AS THE "SUBDIVISION INSPECTION FEES ACCOUNT", WHICH SHALL BE ACCOUNTED FOR SEPARATE FROM ALL OTHER MONEYS OF THE TOWN, AND TO WHICH ARE TO BE DEPOSITED FEES RECEIVED FROM APPLICANTS FOR SUBDIVISION APPROVAL FOR INSPECTIONS DURING CONSTRUCTION, TO PAY FOR THE REASONABLE COSTS AND EXPENSES OF THE BOARD FOR EXPERT ENGINEERING AND CONSULTANT SERVICES AND ADMINISTRATIVE COSTS RELATED THERETO, AS DEEMED NECESSARY BY THE BOARD WITH SAID FEES TO BE EXPENDED WITHOUT FURTHER APPROPRIATION, AND WITH SUCH AUTHORIZATION TO BE MADE UPON THE RECOMMENDATION OF THE BOARD OF SELECTMEN, AND TO SPECIFY AS PRINTED IN THE WARRANT. **UNANIMOUS VOTE.***

ARTICLE 7. To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds a sum of money to supplement existing budgets for the fiscal year 2000 budget, or take any other action relative thereto. (Submitted by Board of Selectmen) ***DISMISSED UNANIMOUSLY.***

*(ARTICLES 7-14 WERE ALL **DISMISSED UNANIMOUSLY** UNDER ONE MOTION AND VOTE.)*

ARTICLE 8. To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds, a sum of money to be placed in the Retired Employee's Health Insurance Fund or take any other action relative thereto. (Submitted by Board of Selectmen) ***DISMISSED UNANIMOUSLY.***

ARTICLE 9. To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds a sum of money to pay the cost of sick-leave and/or vacation leave buy-back amounts, for employees retiring during FY'01, as well as other costs required to be paid at retirement by collective bargaining contract or by-law, or take any other action relative thereto. (Submitted by Board of Selectmen) ***DISMISSED UNANIMOUSLY.***

ARTICLE 10. To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds, a sum of money to be placed in the Stabilization Fund or take any other action relative thereto. (Submitted by Board of Selectmen) ***DISMISSED UNANIMOUSLY.***

ARTICLE 11. To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds, a sum of money to be placed in the Pension Reserve Fund pursuant to the provisions of M.G.L. Ch. 40, Sec. 5D, or take any other action relative thereto. (Submitted by Board of Selectmen) ***DISMISSED UNANIMOUSLY.***

ARTICLE 12.  To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds a sum of money to be placed in the Conservation Commission Fund previously established under Chapter 40 Section 5 of the Mass. General laws for use by the Conservation Commission in accordance with said General Laws, or take any other action relative thereto.  (Submitted by Board of Selectmen)  *DISMISSED UNANIMOUSLY.*

ARTICLE 13.  To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds, a sum of money to be placed in the Unemployment Compensation Fund or take any other action relative thereto.  (Submitted by Board of Selectmen) *DISMISSED UNANIMOUSLY.*

ARTICLE 14.  To see if the Town will vote to raise and appropriate or appropriate by transfer from available funds a sum of money to pay the cost of bills incurred in a prior fiscal year, or take any other action relative thereto.  (Submitted by Board of Selectmen) *DISMISSED UNANIMOUSLY.*

ARTICLE 15.  To see if the town will vote to authorize the Council on Aging to use the proceeds from the sale of the 1988 Shuttle Bus toward the purchase of a new vehicle to transport the elderly and disabled residents of Easton, or take any other action relative thereto.  (Submitted by Board of Selectmen)

*VOTED TO AUTHORIZE THE COUNCIL ON AGING TO USE THE PROCEEDS FROM THE SALE OF THE 1988 SHUTTLE BUS TOWARD THE PURCHASE OF A NEW VEHICLE TO TRANSPORT THE ELDERLY AND DISABLED RESIDENTS OF EASTON.  UNANIMOUS VOTE.*

ARTICLE 16.  To see if the Town will vote to raise and appropriate, or appropriate by transfer from available funds a sum of money to conduct a study to determine the need for a Senior Center in Easton, or take any other action relative thereto. (Submitted by Board of Selectmen) *DISMISSED UNANIMOUSLY.*

ARTICLE 17.  To see if the Town will vote to accept the provisions of Mass. General Law Chapter 127, Sec. 59 of the Acts of 1999, relative to a Senior Citizen Volunteer Tax Relief Program for services rendered pursuant to an agreement to be approved by the Board of Selectmen; or take any other action relative thereto.  (Submitted by Board of Selectmen)

*VOTED TO ACCEPT THE PROVISIONS OF MASS. GENERAL LAW CHAPTER 127, SEC. 59 OF THE ACTS OF 1999, RELATIVE TO A SENIOR CITIZEN VOLUNTEER TAX RELIEF PROGRAM FOR SERVICES RENDERED PURSUANT TO AN AGREEMENT TO BE APPROVED BY THE BOARD OF SELECTMEN. UNANIMOUS VOTE.*

ARTICLE 18.  To see if the Town will vote to raise and appropriate, or appropriate by transfer from available funds, a sum of money for the purpose of meeting the capital budget needs of the Town for fiscal year 2001, or take any other action relative thereto.  (See Budget to be distributed at Town Meeting) (Submitted by Capital Planning Comm./Town Adm.)

*VOTED TO RAISE AND APPROPRIATE THE SUM OF $113,000 AND TO TRANSFER FROM WATER SURPLUS THE SUM OF $96,000 FOR THE PURPOSES NOTED BELOW:*

| | |
|---|---|
| POLICE DEPTARTMENT CRUISERS | $103,000 |
| POLICE DEPARTMENT RADIO REPEATER | $ 10,000 |
| WATER DIVISION VAN | $ 26,000 |
| WATER DIVISION TRUCK | $ 30,000 |
| WATER DIVISION WELL CLEANING | $ 40,000 |
| | $209,000 |

**MAJORITY VOTE.**

ARTICLE 19. To see if the Town will vote to raise and appropriate or appropriate by transfer, such sums as may be necessary to defray the Town charges for the ensuing Fiscal Year including the salaries of the several elected and appointed officers of the Town, and make appropriations for same, or take any other action relative thereto.
(See Budget to be distributed at Town Meeting). (Submitted by Board of Selectmen)

*VOTED TO APPROPRIATE THE SUM OF $40,306,627 OF WHICH $37,322,422 SHALL BE RAISED BY TAXATION, $62,139 SHALL BE TRANSFERRED FROM FREE CASH, $15,000 SHALL BE TRANSFERRED FROM THE STABILIZATION FUND, $40,000 SHALL BE TRANSFERRED FROM THE PENSION RESERVE FUND, $15,000 SHALL BE TRANSFERRED FROM THE SUBDIVISION INSPECTION FEES ACCOUNT, $10,000 SHALL BE TRANSFERRED FROM THE CONSERVATION CHAPTER 227 FILING FEE ACCOUNT, $117,559 SHALL BE TRANSFERRED FROM THE CONSERVATION FUND, $504,337 SHALL BE TRANSFERRED FROM OFFSET RECEIPTS, AND $2,220,170 SHALL BE TRANSFERRED FROM WATER RECEIPTS, ALL TO MEET THE TOWN CHARGES, INCLUDING SALARIES AND EXPENSES FOR FISCAL YEAR 2001 AS FOLLOWS:*

| FD-DPT | DEPARTMENT NAME | AMOUNT |
|---|---|---|
| 01-003 | SELECTMEN | 329,562 |
| 01-007 | TOWN COUNSEL | 131,000 |
| 01-011 | FINANCE COMMITTEE | 4,500 |
| 01-013 | RESERVE FUND | 40,000 |
| 01-025 | ACCOUNTANT | 126,540 |
| 01-029 | ASSESSORS | 171,706 |
| 01-033 | TOWN COLLECTOR/TREASURER | 325,469 |
| 01-039 | TOWN CLERK | 209,450 |
| 01-051 | DATA PROCESSING | 188,112 |
| 01-063 | PLANNING & ZONING | 105,035 |
| 01-101 | POLICE | 2,736,870 |
| 01-103 | FIRE | 2,139,992 |
| 01-104 | AMBULANCE | 299,013 |
| 01-105 | FIRE ALARM | 19,199 |
| 01-113 | BULDING DEPARTMENT | 163,759 |
| 01-225 | SOUTHEASTERN REGIONAL SCHOOL | 293,964 |
| 01-300 | DPW ADMINISTRATION | 2,214,560 |
| 01-487 | CONSERVATION COMMISSION | 33,587 |
| 01-501 | BOARD OF HEALTH | 206,836 |
| 01-531 | COUNCIL ON AGING | 131,088 |
| 01-551 | VETERANS DEPARTMENT | 83,904 |
| 01-600 | RECREATION DEPARTMENT | 65,586 |
| 01-601 | RECREATION – POOL | 31,334 |
| 01-625 | LIBRARY | 360,000 |
| 01-700 | MATURING DEBT & INTEREST | 3,049,277 |
| 01-750 | UNCLASSIFIED | 4,715,819 |
| 61-500 | WATER DIVISION | 1,711,680 |

|  | SCHOOL DEPARTMENT | 20,418,785 |
|  | TOTAL FY 2001 BUDGET | 40,306,627 |

*THERE WERE THREE HELD ITEMS DURING THE BUDGET DISCUSSION: SELECTMEN, TOWN COUNSEL AND UNCLASSIFIED. ALL UNHELD LINE ITEMS WERE VOTED BY MAJORITY VOTE. THE UNCLASSIFIED LINE ITEM WAS THEN VOTED IN THE AMOUNT OF $1,715,819. THE TOWN COUNSEL LINE ITEM WAS VOTED IN THE AMOUNT OF $131,000.*

*During discussion of the Selectmen's line item, there was a question on the floor as to what was built into the budget for any severance package with the Town Administrator leaving. Before anyone responded to that question, Moderator Dailey stated that he represents the Town Administrator on this matter, and that for him to preside at this point would be a conflict. Moderator Dailey stepped down and appointed Deputy Moderator John Creedon to take his place. Selectman Carla Goodwin responded that there is nothing in the budget. The question was again asked how the Board of Selectmen intend to pay for a severance package and for a new town administrator. Town Counsel Gary Brackett responded that negotiations with non-union, non-civil service employees was covered by the executive session provisions of the open meeting law of the Commonwealth of Massachusetts and those negotiations have been conducted in executive session to this point and recommended that the question would be considered out of order.*

*A question was asked on the amount of the Town Administrator's salary which is part of the Selectmen's budget. Deputy Moderator Creedon ruled the question out of order based on Town Counsel's ruling concerning the privacy of negotiations. A motion was made to close debate. Motion did not pass. Debate continued. Mr. Paicos was asked how much the line item for the administrator's salary was. Mr. Paicos responded $101,459. The question was then asked if this was a fair amount. Mr. Paicos responded with results of a survey of town managers earning over $85,000, it was $85,000 minimum, maximum was $132,000. There are currently 52 or 53 city or town managers in Massachusetts that are at about the $85,000 threshold.*

*Mr. Hicks of the Finance Committee reminded the voters that the Town Administrator operates under a contractual agreement which sets the value of the services rendered.*

*Selectman Webster clarified that the Board of Selectmen and the Finance Committee have approved the Selectmen's budget of $329,562 which includes the salary line item for the Town Administrator of $101,459. She stated that is what the discussion should center around, not performance.*

*Mr. John Leahy, Cosma Road, asked town meeting for a non-binding resolution stating displeasure with what has gone on in town over the past few weeks. The response was a lengthy standing ovation. Leahy continued, including in the non-binding resolution including a statement of support for Kevin Paicos as a valuable asset to the town. There was additional applause. Deputy Moderator stated that it was obvious to the chair that it was not necessary for a non-binding vote because practically the entire hall was standing and suggested getting back to the budget item at hand.*

*Mr. Leahy again stood up and asked for a non-binding resolution. A heated discussion ensued, during which a five-minute recess was declared.*

*Deputy Moderator Creedon called the meeting back to order and stated that it was his and Town Counsel's opinion that the request (for the non-binding resolution) was outside of the warrant, not appropriate in the middle of the budget hearing, and was ruled out of order. Deputy Moderator then moved the main motion.*

*THE SELECTMEN'S BUDGET IN THE AMOUNT OF $329,562 WAS VOTED BY MAJORITY VOTE. THE MAIN MOTION ON THE ENTIRE BUDGET WAS THEN **VOTED**.*

*A motion was made and seconded to Dissolve the Annual Town Meting. **NOT A VOTE**.*

*Mr. Jonathan Richman, 214 Purchase Street, asked to have Mr. Leahy's non-binding resolution brought up again for a vote. Deputy Moderator Creedon declared a one minute recess to confer with Town Counsel if it would be allowed at this point. When the meeting was called back to order, Mr. Leahy was allowed by Deputy Moderator Creedon to make his motion again with praise being sufficient and no names. Mr. Leahy asked that*

7

*this body approve a non-binding resolution simply stating the fact that they are emphatically, 100%, behind Kevin Paicos and would like to see him retained as Town Administrator. Town Counsel clarified that the rules of procedure governing Town Meetings are fairly strict. Matters can come up at Town Meeting only if the public has been given advance notice by inclusion of an Article in the Warrant. The exception to that (from the handbook Town Meeting Time authored by three longstanding moderators from the Commonwealth of Massachusetts), is if the Town wishes to express it's appreciation of some achievement for service on the part of an employee, it says that that particular resolution may be offered generally at the commencement of Town Meeting. Town Counsel recommended to the Meeting that if there is to be any action by the Town Meeting as the last item to be taken up, it would be a motion of those individuals to express appreciation for the service and achievement of Kevin Paicos as the Town Administrator of Easton. Mr. Leahy agreed to allow this as the main motion. Mr. Fred Clark Jr., 101 Black Brook Road, stated that, in his opinion, this vote should be unanimous, because for any Town employee, or a volunteer of the Town, the time should be taken to acknowledge them, to thank them for their service and he personally thanked the Town Administrator for his service to this Town.*

*A motion to reconsider Article 18, specifically the Selectmen's budget, specifically the $90,000 in lawyer's fees was ruled out order by Deputy Moderator Creedon.*

The **RESOLUTION** *of appreciation for the service of Kevin Paicos* **CARRIED BY A MAJORITY VOTE.**

*The Annual Town Meeting was* **Dissolved** *by declaration of the Deputy Moderator at 10:55 p.m. Total voters present – 667.*

*A true record. Attest:* _____ , CMC/AAE/CMMC, Town Clerk

And you are directed to notify and warn the inhabitants of the Town of Easton qualified to vote in elections, residing in Precincts One, Two and Four to meet at the Junior High School Gymnasium, Columbus Avenue; those residing in Precincts Three and Six to meet at the Knights of Columbus Hall, 375 Foundry Street and those residing in Precinct 5 to meet at the Easton Baptist Church, 197 Bay Road, on Monday the 24th day of April, 2000 at 7:00 in the forenoon to bring their votes all on one ballot for one Moderator for a term of three years; two Selectmen for terms of three years; One Assessor for a term of three years; One School Committee member for a term of three years; One Board of Health member for a term of three years; One Housing Authority member for a term of five years; Three Finance Committee members for terms of three years.

The polls will be opened at 7:00A.M. and shall be closed at 8:00P.M.

You are directed to serve this Warrant by posting attested copies thereof one at each meeting house and post office and one at the Oliver Ames High School Auditorium and one at the Town Offices, seven days at least before the time of holding said meeting.

Hereof fail not, and make due return on this Warrant with your doings thereon to the Town Clerk at the time and place of holding said meeting and said Town Clerk is hereby required to make return of the Warrant to the Warden or Deputy Warden at the time and place of holding said meeting for the election of officers, and said Warden is hereby required to make return on the Warrant to the Town Clerk, together with his return of officers elected, at the close of said meeting.

Given under our hands this 27th day of March in the year Two Thousand.

                                        Jeffrey L. Tufts, Chairman
                                        Carla A. Goodwin, Clerk
                                        William D. Hardin
                                        Frederick W. Clark
                                        Patricia E. Webster
                                        EASTON BOARD OF SELECTMEN

Bristol, ss. Easton, Mass. March 29, 2000

By virtue hereof, and as within directed, I have this day posted attested copies of this Warrant.

John D. Melin, Constable of Easton

A true copy. Attest:

*[signature]*
Janet Andrus Linehan, CMC/AAE/CMMC
Town Clerk of Easton

9