UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY J. NOLAN and <br> MARIE F. NOLAN <br><br> Plaintiffs <br><br> vs. <br><br> ALLEN KRAJCIK; WILLIAM FULCHER; <br> STANLEY BATES; KEVIN PAICOS; and <br> THE TOWN OF EASTON <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No.: 02-12228-WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STATEMENT OF MATERIAL FACTS
## PURSUANT TO DISTRICT COURT RULE 56.1

1. The plaintiff Timothy Nolan was attending a Town of Easton meeting on the evening of June 12, 2000. See Plaintiff's Complaint attached as Exhibit A, ¶10.

2. The town meeting was videotaped by the local cable news and the videotape is attached as Exhibit B. (This exhibit is attached to Defendant Allen Krajcik's Motion for Summary Judgment as Exhibit B).

3. The meeting was also videotaped by Avery Lee Williams and that videotape is attached as Exhibit C. (This exhibit is attached to Defendant Allen Krajcik's Motion for Summary Judgment as Exhibit C).

4. During the meeting, John Leahy, a town resident, presented a non-binding resolution to the acting town moderator William Creedon. Id. ¶15.

5. The plaintiff from a microphone stated to the town moderator that there was a pending motion on the floor. See Exhibit B at 1:28.

6. The moderator responded to the plaintiff stating "I understand that sir." Id.

7. The plaintiff asked "Then why are you turning this into a circus. Is this your pep rally?" Id.

8. The plaintiff went to reiterate that the town meeting had become a pep rally and a circus. Id.

2

9. The plaintiff stated "I'm sick of it. I've heard it. I get the same crap on TV too. So why don't you get going, get this thing finished." Id. at 2:14.

10. A person or persons attending the Town meeting booed the plaintiff. Id.

11. The plaintiff responded "Yeah boo you" Id.

12. A person or persons attending the meeting called out for the plaintiff to sit down. Id.

13. The plaintiff responded "No, you come make me sit down. Come on down and make me sit down assholes." Id.

14. The plaintiff was removed from the town meeting by Easton police officers. See Exhibit C.

15. Kevin Paicos was the Easton town administrator when the June 12, 2000 meeting occurred. See Exhibit A, ¶8.

16. The plaintiff alleges that he was defamed by Paicos statement to the newspaper following the incident. Id. ¶31.

17. The newspaper article by which the plaintiff claims to be defamed states as follows: "Any representations that any Easton police officer acted wrongly here is nothing more than an outrageous rumor" See Brockton Enterprise Article attached as Exhibit D.

18. The article quotes Paicos as stating that the officers "with remarkable restraint and discretion." Id.

19. The article quotes Paicos as stating "No complaints or charges have been raised by anyone in town, and the town didn't charge the resident in question with anything" Id.

20. The plaintiff alleges that Paicos caused to be published in Easton Police Blotter a report stating the plaintiff engaged in disorderly conduct at the town meeting. See Exhibit A, ¶34.

21. The police blotter account reads as follows: "At 10:45 p.m. a disorderly resident was removed from town meeting by Deputy Police Chief Krajcik and detectives." See Article of Brockton Enterprise attached as Exhibit E.

22. J. Michael Conley wrote a letter on June 13, 2000 to Chief of Police Stanley Bates regarding the incident and forwarded a copy to Paicos. See Correspondences from J. Michael Conley attached as Exhibit F.

23. Conley wrote an addendum to that letter on June 14, 2000 and forwarded a copy of the letter to Paicos. Id.

## ARGUMENTS

### Standard for Summary Judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts in a light most favorable to the nonmoving party. Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir.2003). An issue of material fact is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the nonmoving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. Morris v. Gov't. Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir.1994). The nonmoving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. Mendes v. Medtronic, Inc., 18 F.3d 13, 15 (1st Cir.1994).

I. The Defendant Kevin Paicos is Entitled to Summary Judgment ons Count III and IV of the Plaintiff's Complaint as the Plaintiff's Arrest was Lawful and did not VIolate his Constitutional Rights.

In Count III of the plaintiff's complaint, he alleges pursuant to §1983 that Paicos by his defamatory remarks regarding the plaintiff after the alleged incident, deprived the plaintiff of a fundamental liberty interest. Count IV seeks punitive damages for willful and reckless conduct by the defendant.

The defendant contends that the conduct of the Easton Police was lawful. The plaintiff's conduct was that of a disorderly person under M.G.L. c.272, §53. As such, there was no deprivation of rights as a result of his being removed from the town meeting. This argument is made in its entirety in Defendant Allen Krajcik's Motion for Summary Judgment.

4

A finding that the plaintiff was a disorderly person would require summary judgment enter in Paicos favor on all counts.

Regardless of whether the plaintiff was lawfully removed from the town meeting, he has not alleged a constitutionally protected interest. As such summary judgment is appropriate.

Defamation, alone, from a government actor does not transgress constitutionally protected rights. Pendleton v. Haverhill, 156 F.3d 57, 62-63 (1st Cir.1998). Where a plaintiff's legal status has not changed as a result of any injury to his reputation, he has not asserted a constitutionally protected interest. Aponte v. Calderon, 284 F.3d 184, 196 (C.A.1 (Puerto Rico) 2002). "The fact that a state accords protections to one's reputation by allowing one to bring a tort action does not create a legal status which is altered when the state is the alleged defamer." Id.

In Paul v. Davis, 424 U.S. 693 (1976), the Supreme Court stated that it is not sufficient to establish a claim under either the Fourteenth Amendment or 42 U.S.C. § 1983 where a plaintiff claims only defamation by a state official. There is a narrow category of cases involving more than simple stigmatization may be actionable under §1983. Pendleton v. City of Haverhill, 156 F.3d 57, 63 (C.A.1 1998). This occurs where the defamation deprives the plaintiff of a right or status previously enjoyed under state law or were government benefits are denied as a result of government action. Id.

The plaintiff alleges in his complaint that from this single incident of defamatory remarks, he has been prevented him from exercising his right to free speech and political participation as guaranteed by the Constitution. However, the plaintiff's legal status has not changed. The plaintiff has not been barred from town meetings. He is free to participate in future meetings and exercise his right to free speech. The plaintiff's subjective perception

5

that he has been ostracized from the town's political process does not rise to the level of a constitutionally protected interest deserving protection under §1983.

Wherefore, the defendant, Kevin Paicos, requests summary judgment enter in his favor on Counts III and IV of the plaintiffs' complaint.

II. The Statements of the Defendant Kevin Paicos Quoted in the Brockton Enterprise were Opinion which as a Matter of Law are not Defamatory, therefore Summary Judgment Should Enter as to Count VI of the Plaintiff's Complaint.

The plaintiff brings claims alleging defamation under Massachusetts Law in Count V of his complaint. The plaintiff must prove the alleged statements are defamatory and false. Dulgarian v. Stone, 420 Mass 843, 847, 652 N.E.2d 603, 606 (1995). In a defamation action, a threshold issue is whether the statement is susceptible to defamatory meaning. Foley v. Lowell Sun Publishing, Co. 404 Mass. 9, 11, 533 N.E.2d 196, 197 (1989). This is a question of law for the court. Id. The statement must be judged in the context it was stated. Id.

Statements of opinion are protected by the First Amendment and are not actionable in a defamation suit. Pritsker v. Brudnoy, 389 Mass. 776, 778, 452 N.E.2d 227 (1983). "The determination whether a statement is a factual assertion or an opinion is a question of law if the statement unambiguously constitutes either fact or opinion." Friedman v. Boston Broadcasters, Inc., 402 Mass. 376, 379, 522 N.E.2d 959, 962, (1988). Statements of opinion are constitutionally protected. Aldoupolis v. Globe Newspaper Co., 398 Mass. 731, 733, 500 N.E.2d 794 (1986).

"Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges

and juries but on the competition of other ideas. But there is no constitutional value in false statements of fact." Gertz v. Robert Welch, Inc., 94 S.Ct. 2997, 3007 (1974).

A defendant is entitled to summary judgment if the statement cannot reasonably be interpreted as a statement of fact. King v. Globe Newspaper Co., 400 Mass. 705, 710, 512 N.E.2d 241, 244 (1987).

In order for a statement to be considered defamatory, it must ridicule the plaintiff or treat him with contempt. Correllas v. Viveiros, 410 Mass. 314, 319, 572 N.E.2d 7 (1991). The alleged defamation must be "of and concerning" the plaintiff. New England Tractor-Trailer Training of Conn., Inc. v. Globe Newspaper Co., 395 Mass. 471, 474, 480 N.E.2d 1005 (1985).

The following statement is attributed to Paicos: "Any representation that any *Easton police officer* acted wrongly is nothing more than an outrageous rumor." ¶17, Statement of Material Facts (emphasis added). He further stated the officers "acted with remarkable restraint and discretion. I've sent the police a letter of commendation. They acted very professionally." Id. ¶18.

The above comments are Kevin Paicos' opinion with regards to the conduct of Easton police officers and do not constitute defamatory remarks as to the plaintiff. The remarks do not reference or identify the plaintiff. The remarks offer no factual assertions regarding the plaintiff or his conduct at the town meeting.

Mr. Paicos was also quoted as stating: "No complaints or charges have been raised by anyone in the town, and the town did not charge any residents in question with anything." From this statement, the plaintiff seeks to gleam out a theory of defamation based upon two letters written by J. Michael Conley to Chief Stanley Bates dated June 13, 2000 and June 14,

2000. Id. ¶22 and ¶23 and Exhibit G. Regardless of the content of the letter, the defendant contends that the failure of Paicos to reference the letter cannot be considered defamatory to the plaintiff. The statement to be defamatory must concern the plaintiff. As such, this statement regarding complaints cannot be considered defamatory towards the plaintiff.

The statements of Paicos cannot be said to hold the plaintiff up to scorn or ridicule as required. The plaintiff is not identified. The statements do not refer to any conduct on behalf of the plaintiff that would be considered defamatory. As the statements are opinion and do not hold the plaintiff up to scorn or ridicule, a claim for defamation cannot survive.

Paicos is also alleged to have defamed the plaintiff by causing to be published in the Brockton Enterprise Easton Police Blotter the following statement: "At 10:45 p.m. a disorderly resident was removed from town meeting by Deputy Police Chief Krajcik and detectives." As argued previously, the defendant contends the statement is true as the plaintiff was a disorderly person under M.G.L. c.272, §53.

However, the plaintiff has offered no affirmative evidence that Paicos caused this statement to be published. The plaintiff's failure to meet his burden of proof on this claim requires summary judgment in the defendant's favor.

Wherefore, the defendant, Kevin Paicos, requests summary judgment enter in his favor as Count VI of the plaintiff's complaint.

IV. The Defendant Kevin Paicos is Entitled to Summary Judgment for Count VII of the Plaintiff's Complaint Alleging Interference with Rights Secured by the Massachusetts' Civil Rights Statutes.

If this court determines that the plaintiff's constitutional rights were not violated, his state rights claim must also fail.

8

As such, a determination that the plaintiff was engaged in disorderly conduct in violation of M.G.L. c.233, §53 would warrant summary judgment on this count. Also, a finding for the defendant with regards to the Counts III, IV, And VI would also require summary judgment enter in the defendant's favor.

Wherefore, summary judgment should enter on behalf of the defendant Kevin Paicos on Count VII of the plaintiff's complaint.

V.   The Defendant Kevin Paicos is Entitled to Summary Judgment on Count IX: Plaintiff Marie Nolan's Claim for Loss of Consortium.

A claim for loss of consortium requires proof of tortious conduct that caused the spouse's personal injury. <u>Sena v. Com.</u>, 417 Mass. 250 (Mass. 1994) and see M.G.L. c.231, §85X. If this court were to enter summary judgment for the defendant, Kevin Paicos, relative to the claims of plaintiff, Timothy Nolan, the court should therefore enter summary judgment relative to the claims for loss of consortium by the plaintiff, Marie Nolan.

## CONCLUSION

For the forgoing reasons, the defendant Kevin Paicos, requests summary judgment enter in his favor.

Stephen M.A. Woodworth, BBO 534 330
John F. Gleavy, BBO 636 888
Attorney for Defendant, Kevin Paicos
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375