UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY J. NOLAN, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| v.   ) | CIVIL ACTION |
| ) | NO. 02-12228-JGD |
| ALLEN KRAJCIK, et al.,   ) | |
| ) | |
| Defendants.   ) | |

### ORDER ON PLAINTIFFS'
### MOTION FOR RELIEF FROM JUDGMENT

June 14, 2004

DEIN, U.S.M.J.

This matter is before the court on the plaintiffs Timothy and Marie Nolan's Motion for Relief From Judgment (Docket # 40) by which they seek to vacate the judgment entered against them after they failed to submit any opposition to the five motions for summary judgment filed by the defendants.  For the reasons detailed herein, the motion is ALLOWED.  The plaintiffs are to file their oppositions to the four remaining motions by July 2, 2004.[1]  Defendants may file any replies by July 19, 2004.

### DISCUSSION

The plaintiffs have filed the instant motion pursuant to Fed. R. Civ. P. 60(b)(1)[2] which provides in relevant part that:

---

[1] In response to this court's order of June 2, 2004, the plaintiffs filed their opposition to the motion of Allen Krajcik for summary judgment which had been prepared but not filed.

[2] While the plaintiffs have not specified the exact provision of Rule 60(b) they are seeking relief under, the phrasing of their Motion indicates that they are relying on Rule 60(b)(1).

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect ....

It is well settled that since "Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." Stonkus v. City of Brockton School Dept., 322 F.3d 97, 100 (1st Cir. 2003) (internal citation and quotation omitted). The moving party must establish, "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (citing, inter alia, Fed. R. Civ. P. 60(b)). Nonetheless, the decision whether to grant relief under Rule 60(b) is committed to the district court's sound discretion. Id.

As a matter of equity, after "taking account of all relevant circumstances surrounding the party's omission," this court finds that the plaintiffs are entitled to relief from judgment. Stonkus v. City of Brockton, 322 F.3d at 101 (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993)). These circumstances include "the danger of prejudice to the (nonmoving party), the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Stonkus v. City of

Brockton, 322 F.3d at 101 (internal citation and quotation omitted) (alteration in original).

Plaintiffs' substitute counsel, Noreen Jonson, Esq., has represented to the court that former counsel, Paul Adams, Jr., Esq., is suffering from serious medical complications and that his condition may have caused him to experience memory lapses, even before the automobile accident in which he was involved occurred. (See generally Jonson Aff. (Docket # 41)). This court recognizes that the chronology presented by Attorney Jonson does not fully explain the delay in filing the oppositions, and that there are inconsistencies. Nevertheless, as evidenced by the fact that the plaintiffs were able to file a complete opposition to Mr. Krajcik's motion on two days notice, it is apparent that, as represented by Ms. Jonson, substantial work had been done on the plaintiffs' behalf, although it had not been filed with the court. The reason for the delay was not attributable to the plaintiffs, but rather their counsel's problems.

Additionally, neither the defendants nor the judicial proceedings will suffer undue delay or prejudice since the instant motion was filed within approximately a week of the date this court entered judgment against the plaintiffs. Moreover, based on the multiple extensions requested by the plaintiffs, the defendants have been aware at all relevant times that the plaintiffs planned to oppose their motions.

## **ORDER**

For all these reasons, the plaintiffs' Motion for Relief From Judgment (Docket # 40) is ALLOWED. The plaintiffs are to file their oppositions to the four remaining motions for summary judgment by July 2, 2004. Defendants may file any replies by July 19, 2004.

                                         / s / Judith Gail Dein
                                         Judith Gail Dein
                                         United States Magistrate Judge